## BEARD v STATE

Ohio Appeals, 3rd Dist, Hancock Co

No 350.   Decided Dec 15, 1934

Burket & Burket, Findlay, for plaintiff in error.

Jackson E. Betts, Findlay, for defendant in error.

## OPINION

By THE COURT

The first count in the indictment is based on the provisions of §12467 GC. Under this section the conversion of the property by the accused is an essential element of the offense of embezzlement.   3 Oh Ap 52. Embezzle, or embezzlement, has a fired meaning at common law, and has such meaning under our law.   17 Oh Ap 67 at page 69.   To constitute a conversion so as to make out a case of embezzlement, the owner must be **deprived** of his property or money by an adverse using or holding.   20 C. J. 426.

The second count in the indictment is based on the provisions of §12472 GC which was adopted from the provisions of §5209 of the Revised Statutes of the United States and except that it applies to officers and agents of building and loan associations and savings associations instead of officers and employees of banks, is in form similar to §710-172 GC.

In the case of **McNary v State**, 128 Oh St 497, 191 NE 733, involving the construction of §710-172 GC, it was held that §§710-67, 710-130, 710-148, 710-172, GC, comprising part of the state banking act, were adopted from the federal banking act, and the decisions of the Supreme Court of the United States construing the kindred sections of the federal banking act will be followed in this particular case.   Upon the same reasoning, the provisions of §12472 GC are to be construed in the same manner as similar provisions of the federal banking act have been construed by the Supreme Court of the United States.

In the case of United States v Britton (No. 406 Supreme Court Reporter, Volumus 1 and 2 at page 512) 107 U. S. 655, it is stated in the opinion at page 522 of said report:

"We think the wilful misapplication made an offense by this statute (§5209) means a misapplication for the use, benefit, or gain of the party charged, or of some company or person **other than the association.** Therefore, to constitute the offense of wilful misapplication, there must be a conversion to his own use or the use of someone else of the moneys and funds of the association by the party charged."

and this case is referred to in the opinion in the McNary case at page 739, 191 NE Reporter.

Therefore in order to establish an offense under either   §§12467 or 12472 GC, there must be proof beyond a reasonable doubt of a conversion or misapplication for the use, benefit or gain of the party charged, or of some company or person **other than the association.**

The case at bar was apparently tried and decided on the erroneous theory that proof that the association had been deprived of the property alleged to have been embezzled or misapplied, was not essential to conviction on either count of the indictment.

While there is evidence in the case tending to prove conversion or misapplication by the defendant, depriving the association of its property, there is evidence on the part of the defendant corroborated by facts and circumstances in evidence, tending to prove that although proper entries were not made and improper entries were made, the association was not deprived of its property and that the money which it is charged the defendant embezzled or misapplied was commingled with other assets of the association and remained in the possession of the association, and weighing all the evidence in the case we are of opinion that there is insufficient evidence to prove beyond reasonable doubt that the association was deprived of its property, which, as above stated, was essential to a conviction under either count of the indictment.

The judgment will therefore be reversed and the cause remanded for a new trial and further proceedings according to law.